UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

NIGEL SAUNDERS,

                              Plaintiff,

       -against-                         1:17-CV-765 (LEK/CFH)

PATRICIA RYAN, *et al.*,

                            Defendants.

_____

<u>**DECISION AND ORDER**</u>

## I.    INTRODUCTION

Plaintiff Nigel Saunders commenced this action on July 13, 2017, against Patricia Ryan, Jason Russell, and Tai Arnold, who are employees of the State University of New York at Empire State College. Dkt. No. 1 ("Complaint"). Plaintiff brings this action under 42 U.S.C. § 1983, <u>id.</u> at 4, though he does not expressly identify any causes of actions, <u>id.</u> at 10. On October 11, 2017, Defendants moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (5), and (6) for lack of personal jurisdiction, deficient service of process, and failure to state a claim. Dkt. Nos. 10 ("Motion"), 10-4 ("Memorandum"). Plaintiff filed a response in opposition, Dkt. No. 14 ("Opposition"), and Defendants filed a reply, Dkt. No. 15 ("Reply"). For the following reasons, the Motion is denied, and Plaintiff is instructed to properly serve Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure.

## II.    LEGAL STANDARD

"'Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'" <u>Sikhs for Justice v. Nath</u>, 850 F. Supp. 2d 435, 439–40 (S.D.N.Y. 2012) (quoting <u>Dynegy Midstream Servs. v.</u>

Trammochem, 451 F.3d 89, 94 (2d Cir. 2006)). On a motion to dismiss pursuant to Rule 12(b)(2)

or 12(b)(5) for lack of personal jurisdiction or deficient service of process, the "plaintiff bears the

burden of showing that the court has jurisdiction over the defendant." Soos v. Niagara County,

195 F. Supp. 3d 458, 462 (W.D.N.Y. 2016) (quoting In re Magnetic Audiotape Antitrust Litig.,

334 F.3d 205, 206 (2d Cir. 2003)). Plaintiff must meet this burden by making a prima facie case

of proper service "through specific factual allegations and any supporting materials." Kwon v.

Yun, No. 05-CV-1142, 2006 WL 416375, at *2 (S.D.N.Y. Feb. 21, 2006). "A Rule 12(b)(5)

motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the

summons and complaint." Soos, 195 F. Supp. 3d at 463 (quoting Jackson v. City of New York,

No. 14-CV-5755, 2015 WL 4470004, at *4 (S.D.N.Y. June 26, 2015)).

## III.    DISCUSSION

Plaintiff does not deny that he failed to serve a summons and the Complaint on

Defendants, nor does he argue that he attempted an alternative method of service. Opp'n at 1.[1]

However, the record includes evidence that Plaintiff made a good-faith effort to serve Defendants

by delivering certain documents to the Saratoga County Sheriff's Office. Dkt. No. 10-2

("Submissions").

Federal Rule of Civil Procedure 4(m) instructs courts to dismiss an action without

prejudice when service was not made properly or order that service be made within a certain

amount of time, "thereby granting the [C]ourt a degree of discretion." Soos, 195 F. Supp. 3d

at 464. Rule 4(m) also states that the Court "must extend the time for service" "if Plaintiff shows

---

[1]  The cited page numbers for this document refer to those generated by the Court's
electronic filing system ("ECF").

good cause for the failure." Plaintiff has not demonstrated good cause for his failure to serve Defendants properly; Plaintiff may not rely on the fact that he is proceeding pro se to excuse his failure to perform adequate service. See Cassano v. Althsuler, 186 F. Supp. 3d 318, 322 (S.D.N.Y. 2016) ("Courts have held that the fact that plaintiff is proceeding *pro se* does not excuse him from properly serving the defendants." (quoting Lander v. Proportional Count Assocs., Inc., No. 96-CV-2190, 2001 WL 1328443, at *2 (E.D.N.Y. Sept. 17, 2001))).

However, the Court will exercise its discretion to extend the time for Plaintiff to effect service. "In exercising this discretion, courts consider 1) whether the statute of limitations would bar a re-filed action, 2) whether the defendant attempted to conceal the defect in service, 3) whether the defendant would be prejudiced by excusing the plaintiff from the time constraints of the provisions, and 4) whether the defendant had actual notice of the claims asserted in the complaint." Feingold v. Hankin, 269 F. Supp. 2d 268, 277 (S.D.N.Y. 2003). Although the Complaint does not clearly connect the dates provided and the potential causes of action asserted against Defendants, the operative events appear to have occurred between May and July 2014, which suggest that forcing Plaintiff to re-file this action would lead to dismissal on statute of limitations grounds. "Courts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." Carroll v. Certified Moving & Storage, Co., LLC, No. 04-CV-4446, 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005). "Since the plaintiff would [presumably] be time-barred from refiling and the court can imagine no prejudice to defendant if Rule 4(m) relief is granted, the balance of equities tips in favor of the plaintiff." Id. at *3.

The Court advises Plaintiff that he may file and serve an amended complaint rather than serve the original Complaint. Defendants have highlighted significant flaws in the Complaint, which Plaintiff recognized in his response. E.g., Opp'n at 2–3. If Plaintiff chooses to file and serve an amended complaint, he should clearly identify the specific claims against Defendants that entitle him to relief.

## IV.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED**, that Plaintiff must properly serve Defendants in compliance with Rule 4 of the Federal Rules of Civil Procedure **within thirty days** of the filing date of this Decision and Order; and it is further

**ORDERED**, that, if Plaintiff does not serve Defendants **within thirty days** of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      February 15, 2018
            Albany, New York

Lawrence E. Kahn
U.S. District Judge

4